IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                                      Cr. No. 06-44 MCA

**CURTIS SANDOVAL,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the *Motion to Determine Counsel* [Doc. 21], filed June 19, 2006 by John V. Butcher, Assistant Federal Public Defender. The Court construed the motion as one for substitution of counsel and held a hearing on the motion on July 3, 2006. Having considered the parties' submissions, the relevant law, the arguments of counsel and the position of the Defendant, and otherwise being fully advised in the premises, the Court denies the motion.

**I. BACKGROUND**

On January 10, 2006, Defendant Curtis Sandoval was charged with two counts of aggravated sexual assault of a child, in violation of 18 U.S.C. §§1153, 2241(a)(1), and 2246(2)(a). [See Doc. 9]. Assistant Federal Public Defender John V. Butcher had been appointed to represent Defendant on or about December 21, 2005. [See Doc. 7]. On June 19, 2006, Mr. Butcher filed a *Motion to Determine Counsel*, explaining that Defendant (1) had told him that he would like to have Mr. Butcher discharged; (2) would neither

discuss the merits or his case with Mr. Butcher nor accept the results of an investigation; and (3) refused to discuss a plea or assist in his defense. [See generally Doc. 21]. On July 3, 2006 the Court held a hearing on the motion at which Defendant was present and personally addressed the Court.

## II. ANALYSIS

"'To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict.'" United States v. Vargas, 316 F.3d 1163, 1165-66 (10th Cir. 2003) (*quoting* United States v. Johnson, 961 F.2d 1488, 1490 (10th Cir.1992)). "Good cause" does not include a mere strategic disagreement between a defendant and his attorney or the defendant's simple preference for a new attorney. See United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002); see also United States v. Narvaiz, 2006 WL 1308261 (D.N.M. April 14, 2006). On the other hand, a complete breakdown of communication may be shown by evidence of a defendant's severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible. Lott, 310 F.3d at 1249.

When a defendant requests a substitution of counsel, the district court "should engage in an inquiry sufficient to explore and understand the defendant's concerns about the inadequacy of counsel. Such an inquiry might involve repeating and, if necessary, rephrasing questions; but the fundamental requirement is that the district court's inquiry uncover the

nature of the defendant's concerns." Vargas, 316 F.3d at 1166. While, in the end, there are no bright lines as to what constitutes adequate inquiry, id., the Tenth Circuit has set out four factors for assessing the state of the attorney-client relationship. These factors include whether (1) the defendant's request was timely; (2) the trial court adequately inquired into defendant's reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown. United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005).

At the hearing in this case, the Court asked Defendant to explain why he was seeking to discharge Mr. Butcher. Defendant first stated that he believes there is a language barrier, as Defendant's native language is Navajo. The Court then asked Defendant if he had requested the assistance of a Navajo interpreter. Defendant responded that he had not. The Court then instructed Mr. Butcher to contact the Court's Navajo interpreter so that Defendant would be able to communicate fully with Mr. Butcher and make meaningful and intelligent decisions based on accurate information. Mr. Butcher stated that he would do so in a timely manner.

Defendant next told the Court that he was dissatisfied with investigations that Mr. Butcher had either done or caused to be done. Mr. Butcher explained that his attempt to contact an individual suggested by Defendant had taken longer than anticipated because messages left for that individual were not returned and Mr. Butcher's investigator was

forced to resort to calling everyone in the phone book with the same last name as the individual she was seeking. Mr. Butcher also stated that Defendant had made some requests—such as requests for polygraph examinations of witnesses—that Mr. Butcher explained to Defendant were unlikely to be of much use. After Mr. Butcher addressed the Court, the Court asked Defendant if he had anything else he wanted to say. Defendant stated that he did not.

Based on its questioning of both Defendant and Mr. Butcher, the Court finds that there is not such a conflict or breakdown of communication between Defendant and Mr. Butcher that new counsel is warranted. Instead, the Court determines that the language barrier between attorney and client can most likely be cured by enlisting the services of the Court's Navajo interpreter. The Court also finds that Mr. Butcher has investigated the matter, but that the investigation is ongoing. In short, the Court concludes that the issue in this case is one of Defendant's disagreement with Mr. Butcher's methods and strategies, which is not a sufficient reason to appoint a new attorney. See Lott, 310 F.3d 1231, 1249 (10th Cir. 2002). For these reasons, and for the reasons explained on the record, the Court denies the *Motion to Determine Counsel*, construed as a motion to substitute counsel.

## III. CONCLUSION

Based on the foregoing, the Court denies the *Motion to Determine Counsel*.

**IT IS, THEREFORE, ORDERED** that the *Motion to Determine Counsel* [Doc. 21] is **DENIED**.

**SO ORDERED** this 7th day of July, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge