IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            No. CV 10-0653 MCA/RHS
                                                                      CR 06-0044 MCA

CURTIS SANDOVAL,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's Petition For Writ Of Audita Querella/Writ of Error Coram Nobis Pursuant To The All Writs Act (CV Doc. 1; CR Doc. 78) filed on July 12, 2010. The petition asserts a claim of ineffective assistance of counsel in this criminal proceeding. Defendant has previously filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CR Doc. 55), in which he raised the issue of ineffective assistance of counsel. The petition clearly seeks to challenge, once again, Defendant's criminal conviction.

       The terms of § 2255 provide the exclusive avenue for attacking a federal criminal conviction, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus"),[1] and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992). Furthermore, because of the nature of Defendant's claims, his petition constitutes a second or successive § 2255 petition. *See Gonzalez*

---

[1] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673 (10th Cir. 1963), and the writ of error coram nobis remains available to a defendant who is not in custody. *United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).

*v. Crosby*, 545 U.S. 524, 532 (2005) (distinguishing claims against conviction from those asserting a defect in the federal habeas proceedings).

" '[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255. . . . [T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.' Accordingly, the district court lacked jurisdiction over the motion." *Vanlitsenborgh v. United States*, 177 F. App'x 807, 808 (10th Cir. 2006) (quoting *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002)); *and see United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."). The Court may not rule on Defendant's claims and, therefore, will dismiss Defendant's petition for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Petition For Writ Of Audita Querella/Writ of Error Coram Nobis Pursuant To The All Writs Act (CV Doc. 1; CR Doc. 78) filed on July 12, 2010, is DISMISSED for lack of jurisdiction; and the civil proceeding is DISMISSED.

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE